Ballard Spahr LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Bridget Ansel
Tel: 646.346.8077
Fax: 212.223.1942
anselb@ballardspahr.com

Request GRANTED. The Clerk of Court is respectfully directed to STAY this action pending resolution of the proceedings before the Judicial Panel on Multidistrict Litigation ("JPML"). The parties shall submit a joint status letter every ninety days updating the Court on the status of the JPML proceedings, with the first of such letters being due on **December 4, 2026**. This order terminates the motion at Dkt. 20.

Dated: September 4, 2026
New York, New York

**SO ORDERED.**

Jennifer Rochon

**JENNIFER L. ROCHON**
**United States District Judge**

September 4, 2026

*Via ECF Only*

Hon. Jennifer L. Rochon
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Shonda Redden-Drake v. Ralph Lauren Corporation*, No. 26-cv-04029

Dear Judge Rochon:

We write on behalf of Defendant Ralph Lauren Corporation, jointly with counsel for Plaintiff Shonda Redden-Drake, to respectfully request that the Court stay all proceedings and deadlines in this action, including the September 8 deadline to submit a joint letter and proposed Civil Case Management Plan, the September 18 initial pretrial conference, and Defendant's September 28 response deadline, pending the resolution of proceedings before the Judicial Panel on Multidistrict Litigation ("JPML") in *In re Retailer Tariff Litigation*, MDL No. 3202. This request is made on consent of Plaintiff's counsel.

As the Court is aware, this action and the related matter *Rippman v. Ralph Lauren Corporation*, No. 1:26-cv-04619-JLR, have been accepted as related and reassigned before Your Honor. A joint request for consolidation of the two actions remains pending (ECF No. 13).

On August 14, 2026, a group of plaintiffs filed a motion with the JPML to create a multidistrict litigation captioned *In re Retailer Tariff Litigation*, MDL No. 3202, seeking to consolidate 25 federal class actions arising from retailers' alleged pass-through of tariffs imposed under the International Emergency Economic Powers Act ("IEEPA") for coordinated pretrial proceedings in the Northern District of Illinois pursuant to 28 U.S.C. § 1407. The named defendants include Amazon, Target, Walmart, Nike, Costco, and others.

Plaintiff Redden-Drake's counsel intends to file a notice of potential tag-along action with the JPML, identifying this action as sharing common questions of fact with the actions

on the pending MDL motion. If the JPML grants the motion and enters a Conditional Transfer Order for this action, the case would be transferred to the MDL transferee court for pretrial proceedings.

The JPML has scheduled a hearing session for December 3, 2026, in New Orleans, Louisiana.

**<u>The Court Should Stay Proceedings Pending the JPML's Ruling</u>**

"It is common for courts to stay an action pending a transfer decision by the JPML." *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015); *see also Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370-71 (S.D.N.Y. 2013) (collecting cases); JPML Rule 2.1(d). Courts consider five factors in deciding whether a stay is appropriate: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Royal Park Invs.*, 941 F. Supp. 2d at 370. All five factors favor a stay here.

*First*, Plaintiff will not be prejudiced by a stay. The action is in its early stages — no discovery has commenced and no responsive pleading has been filed. The JPML hearing is scheduled for December 3, 2026, providing a defined and relatively brief timeline for resolution. Moreover, Plaintiff's own counsel intends to file a tag-along notice with the JPML, signaling that Plaintiff does not intend to litigate pretrial matters in this Court while the MDL proceedings are pending. The parties are in agreement that the most efficient path is to await the JPML's determination before engaging in further pretrial activity.

*Second*, absent a stay, Defendant will be burdened by having to prepare and submit a case management plan and participate in pretrial proceedings that may be entirely superseded if the JPML grants the MDL motion and transfers this action. *See Ritchie Capital*, 87 F. Supp. 3d at 471.

*Third*, a stay will conserve judicial resources. If the JPML transfers this action, any case management plan, scheduling order, or pretrial proceedings established by this Court would be superseded by the MDL transferee judge's orders. *See Med. Soc'y of State of N.Y. v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001) (granting stay because transfer to the MDL "would minimize the duplication of judicial resources and promote in those decisions uniformity and consistency"). This concern is heightened because the pending motion to consolidate this action with the *Rippman* action (ECF No. 13) remains unresolved. Proceeding with case management in only one of two related actions, while consolidation is pending and the MDL may encompass both, would be inefficient.

*Fourth and fifth*, the interests of non-parties and the public are best served by the coordinated proceedings the MDL is designed to provide. The MDL motion encompasses 25 related class actions on behalf of consumers nationwide, and the JPML proceedings will

determine the most efficient forum for resolving claims sharing a common factual core. A stay of this individual action pending that determination will promote the orderly resolution of these claims.

**Requested Relief**

The parties jointly and respectfully request that the Court: (1) stay all proceedings and deadlines in this action, including the September 8 joint letter deadline, the September 18 initial pretrial conference, and Defendant's September 28 response deadline, pending the JPML's ruling on the MDL motion; and (2) direct the parties to file a joint status report within 14 days of the JPML's ruling, or at such other interval as the Court deems appropriate.

We are available at the Court's convenience should the Court have any questions.

Very truly yours,

*/s/Michael Tompkins*
**Michael Tompkins**
LEEDS BROWN LAW, P.C.
134 Mineola Blvd
Mineola, NY 11501
Phone: 516.873.9550
mtompkins@LeedsBrownLaw.com

**Paul Doolittle**
POULIN WILLEY ANASTOPOULO, LLC
32 Ann Street
Charleston, SC 29403
Phone: 843.834.4712
paul.doolittle@poulinwilley.com

*Attorneys for Plaintiff Shonda Redden-Drake*

*/s/ Bridget Ansel*
**Bridget Ansel**
BALLARD SPAHR LLP
1675 Broadway
19th Floor
New York, NY 10019-5820
Telephone: 646.346.8077
anselb@ballardspahr.com

*Attorney for Defendant Ralph Lauren Corporation*